900 F.2d 254
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ziba Bennett PHELPS, III, Plaintiff-Appellant,
v.
SOVRAN BANK, N.A., Defendant,
and
Gerald M. O'Donnell, Trustee-Appellee.
 No. 89-3324.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 5, 1990.
Decided: March 21, 1990.
Rehearing and Rehearing In Banc Denied April 25, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (C/A No. 89-916-A)
 Ziba Bennett Phelps, III, appellant pro se.
 Gerald M. O'Donnell, Alexandria, Va., appellee.
 E.D.Va.
 DISMISSED.
 Before ERVIN, Chief Judge, and PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Ziba Bennett Phelps, III, appeals from the district court's order affirming the bankruptcy court order denying his motion "To Waive Discharge, Settlement of Dower Interests, and Production of Wife."* Under 28 U.S.C. Sec. 158 district courts may entertain appeals from interlocutory orders of the bankruptcy courts. However, under 28 U.S.C. Sec. 158(d), both the district court and the bankruptcy court orders must be final before this Court has jurisdiction over the appeal. In re Looney, 823 F.2d 788, 790 n. 3 (4th Cir.), cert. denied, 484 U.S. 977 (1987). In the present case the bankruptcy court's order was not a final order. Therefore, finding no basis for appellate jurisdiction, we dismiss the appeal as interlocutory. We dispense with oral argument because the dispositive issues have been decided authoritatively.
 
 DISMISSED
 
 
 *
 Phelps sought to have the bankruptcy court issue a writ of habeas corpus for his ex-wife, who he believed was in a federal protection program, because he claimed their divorce was not valid and therefore she needed to release her dower interests in his property before his estate in bankruptcy could be settled